UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES T. MURZIKE,

Plaintiff,

v. Case No. 3:23-cv-98-BJD-PDB

R. WILLIAMS, et al.,

Defendants.

---

**ORDER**

Plaintiff, James T. Murzike, an inmate of the Florida penal system, is proceeding *pro se* and *in forma pauperis* on a complaint for the violation of civil rights (Doc. 1; Compl.). In his forty-page complaint, Plaintiff names thirty-three Defendants for violations of his First, Eighth, and Fourteenth Amendment rights. *See* Compl. at 3, 12-17.[1] Plaintiff's handwriting is difficult to read and his allegations confusing at times. It appears his primary claims

---

[1] Additionally, Plaintiff alleges some Defendants engaged in conduct he believes constitutes a "[third] degree felony in violation of" Florida's criminal statutes, and, as relief, he asks for "federal and state indictments," among other things. *See* Compl. at 19-20, 22, 39. Plaintiff is advised that a claim under 42 U.S.C. § 1983 must allege the violation of a right secured under the United States Constitution or *federal* law. 42 U.S.C. § 1983. Moreover, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." *Otero v. U.S. Atty. Gen.*, 832 F.2d 141, 141 (11th Cir. 1987).

are that Defendants William (or Williams), Taylor, Basis (or Bais),[2] Brown, and "etc." used excessive force against him on December 22, 2022, while others watched but failed to intervene, and Defendant Cummings failed to properly treat his resulting injuries. *Id.* at 18, 26-27. However, Plaintiff further alleges he was denied his religious diet meals on some occasions; was denied due process at a disciplinary hearing; was improperly placed on property restriction; was "starved" by an "orderly hitman"; and had false disciplinary reports written against him. *See generally* Compl.[3]

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490

---

[2] Some Defendants' names, including William/Williams and Basis/Bais, Plaintiff spells differently throughout his complaint.

[3] Plaintiff also alleges Defendants William/Williams, Rulevitch, and Johnson sexually abused him on December 14, 2022, Compl. at 25, but it appears that allegation is not relevant to any of his claims. For instance, Plaintiff says the events described in his complaint occurred on December 22, 2022 "[and] other dates." *Id.* at 24. Additionally, in stating the factual basis of his claims against these Defendants, Plaintiff does not mention a sexual assault. *Id.* at 18, 20-22.

(11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

The Federal Rules of Civil Procedure require a plaintiff to provide "a *short* and *plain* statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). All averments of the claim should be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "Complaints that violate either

Rule 8(a) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,'" or ones that fail to give the named defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320, 1323 (11th Cir. 2015). "The 'self-evident' purpose of these rules is 'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading.'" *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (alteration omitted) (quoting *Weiland*, 792 F.3d at 1320).

Additionally, a plaintiff may not join unrelated claims and various defendants in one complaint unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a 'logical relationship' between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F. 3d 1334, 1337 n.6 (11th Cir. 1998) (quoting *Republic Health Corp. v. Lifemark Hosps. of Florida, Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).

Plaintiff's complaint constitutes a "shotgun pleading": his allegations are not short and plain, but rather he includes unnecessary and extraneous

information. Although Plaintiff sets forth his claims and allegations "in numbered paragraphs," many of his allegations are conclusory, and, at times, he lumps multiple Defendants together (including saying "etc."), without plainly setting forth the basis of his separate claims against the individuals mentioned. *See, e.g.*, Compl. at 20, 21, 29. If this complaint were to be served, Defendants would have a difficult time "fram[ing] a responsive pleading." *Barmapov*, 986 F.3d at 1324. Moreover, Plaintiff attempts to proceed on claims against different individuals based on incidents that appear to have no logical connection to one another.

Because Plaintiff's complaint is a shotgun pleading, it is due to be dismissed. However, the Court will afford him an opportunity to amend his complaint. If plaintiff wants to proceed, he may do so on only one claim or related claims. For instance, he may proceed on a claim for excessive force or deliberate indifference based on the incident that occurred on December 22, 2022, against those who participated in the use-of-force, failed to intervene, or denied him adequate medical care. Claims that are not logically related to those arising out of the December 22, 2022 incident must be pursued in a separate civil rights action. Plaintiff's conclusory assertion that multiple prison officials were motivated to treat him badly because he filed grievances

and lawsuits is not enough, without more, to demonstrate the different incidents of which he complains are logically related to one another.

If plaintiff chooses to file an amended complaint, he must do so in compliance with federal pleading standards and the instructions in this Order and the Civil Rights Complaint Form. Specifically, in section IV, "Statement of Claim," Plaintiff must plainly and clearly describe how *each* defendant was involved in an alleged violation. The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff may attach additional pages, if necessary, but the Court urges him to set forth the relevant facts and claims in the spaces provided in the Civil Rights Complaint Form. If Plaintiff limits his claims to only those that are related, the spaces provided in the form should be more than sufficient. Additionally, in section V, "Injuries," Plaintiff should clearly state how *each* defendant's conduct or omission injured him.

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the

> factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, Plaintiff must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both. An amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, Plaintiff's amended complaint must be complete, including all *related* claims he wishes to raise, and must not refer to his original complaint.

Accordingly, it is

**ORDERED:**

1. Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice**.

2. If Plaintiff wants to proceed, he must submit an amended complaint by **October 20, 2023**.

3. If Plaintiff does not submit an amended complaint in compliance with federal pleading standards by **October 20, 2023**, this action may be

dismissed without prejudice.

4. The **Clerk** shall send Plaintiff a Civil Rights Complaint Form (Prisoner Complaint).

5. Given the Court directs Plaintiff to amend his complaint, Plaintiff's request for a copy of his complaint (Doc. 5) is **GRANTED**. The **Clerk** shall send Plaintiff a copy of his complaint (Doc. 1) with this Order. The Court cautions Plaintiff that future requests for copies must be accompanied by the appropriate payment. *See* Notice (Doc. 3). Any future request that does not include payment will be denied.

6. The **Clerk** shall remove from the docket document 6, which Plaintiff filed on September 11, 2023. Unless otherwise ordered, discovery does not begin until the Court enters a scheduling order. Additionally, discovery-related documents should not be filed unless the Court needs them to decide a motion. *See* Fed. R. Civ. P. 5(d)(1)(A).

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of September 2023.

BRIAN J. DAVIS
United States District Judge

Jax-6
c: James T. Murzike