UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES T. MURZIKE,

        Plaintiff,

v.                              Case No. 3:23-cv-98-BJD-PDB

R. WILLIAMS, et al.,

        Defendants.

_____

## **ORDER**

Plaintiff, James T. Murzike, an inmate of the Florida penal system proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint against thirty-three Defendants based on conduct that occurred at Union Correctional Institution (UCI) in December 2022 and January 2023 (Doc. 1). The Court dismissed his complaint as a shotgun pleading but granted him leave to amend. *See* Order (Doc. 7). The Court specifically advised Plaintiff that he may not join multiple, unrelated claims in one complaint and that conclusory assertions are "not enough . . . to demonstrate the different incidents of which he complains are logically related to one another." *See id.* at 5-6.

Before the Court are the following filings: an amended complaint (Doc. 10); a motion for a permanent injunction and temporary restraining order (Doc. 11); a motion for appointment of counsel (Doc. 12); and a motion for transfer (Doc. 13). In his amended complaint, Plaintiff again names thirty-three Defendants and includes multiple claims that are not logically related to one another. *See generally* Doc. 10. As before, Plaintiff alleges officers retaliated against him for writing grievances; officers used unnecessary force against him on December 22, 2022, while others watched; medical providers failed to treat his injuries; officers placed him on property restriction for 72 hours; officers and the Chaplain "conspired" to remove him from the religious diet program by writing a "fraudulent document," resulting in him having been denied kosher meals on unspecified days in December; and he was found guilty on "falsified" disciplinary charges. *Id.* at 12-22.

Plaintiff also alleges in the "statement of claim" section of his complaint that some officers allowed an inmate orderly to poison his food "in retaliation," but he provides no supporting or explanatory facts (e.g., he does not explain who poisoned his food, how the officers knew or allowed such conduct to occur, how or when the inmate allegedly poisoned his food, or why the officers were retaliating against him). *Id.* at 27. Finally, Plaintiff again asserts some Defendants' conduct constitutes a "third degree felony" under Florida law, *id.*

2

at 33, despite the Court having advised him that "a claim under 42 U.S.C. § 1983 must allege the violation of a right secured under the United States Constitution or *federal* law," *see* Order (Doc. 7) at 1 n.1 (emphasis in original).

Plaintiff's amended complaint will be stricken for his failure to comply with the Court's previous Order. He will be afforded one final opportunity to file a proper complaint in compliance with federal pleading standards and the Court's instructions. As in his original complaint, it appears Plaintiff's primary claims are against those who directly participated in a use-of-force against him on December 22, 2022 (William, Taylor, Bais, Bryant, Wood, and Green), failed to intervene in the use-of-force (Cumming), or allegedly were deliberately indifferent to his resulting medical needs (Cumming, Putney, Alston, Wallace, King, Knea, and Anthony). *See* Doc. 10 at 14-15, 21-22. In submitting an amended complaint, Plaintiff must limit his claims accordingly. In other words, he may proceed in this action against only those who allegedly used excessive force against him on December 22, 2022, or denied him medical care for the resulting injuries. Any other claims must be pursued in a separate action.

In his motions, Plaintiff asserts that he has been subjected to "repeat violence" and retaliation at his current place of confinement, Florida State Prison (FSP). *See* Doc. 11 at 1; *see also* Doc. 12; Doc. 13. He says he fears for his life and needs protection because he has been physically and sexually

abused or battered, his food has been poisoned, and officers against whom he has written grievances or complaints—including some of those named as Defendants in his amended complaint—have put a hit on his head "in retaliation." *See* Doc. 11 at 1, 4.[1] As an example, Plaintiff claims some officers "had [him] sexual[ly] battered [and] physically battered on August 17, 2023" by another inmate at FSP, while "administration stood by [and] watched." *Id.* at 4. He further alleges that inmate orderlies have put "illegal substance[s]" in his food, including "semen, battery acid, roll-on deod[a]rant, ointment, broken pieces of razor[] blades, [and] human waste." *Id.*

Plaintiff seeks an order requiring that (1) his "R.D.P./C.F.O. food be kosher [and] unsanitary [sic]"; the inmate orderlies who regularly tamper with his food be disciplined; officers at FSP who have retaliated against or assaulted him not be permitted near him; staff stop censoring his mail; and he be transferred out of this Region and to a prison in Region III. *Id.* at 7; *see also* Doc. 13 at 4. According to Plaintiff, he has been abused not only in retaliation for his lawsuits and grievances, but also because the mental health staff at

---

[1] Including this one, Plaintiff mentions four civil cases he has pending in this Court. *See* Doc. 11 at 5 (citing Case Nos. 3:23-cv-98-BJD-PDB; 3:23-cv-630-MMH-LLL; 3:23-cv-638-MMH-MCR; 3:23-cv-674-BJD-PDB). Plaintiff made similar allegations in a motion for preliminary injunction he filed in another case. *See* Motion (Doc. 8), Case No. 3:23-cv-630-MMH-LLL. The motion was denied. *See* Order (Doc. 11), Case No. 3:23-cv-630-MMH-LLL.

FSP "turn a blind eye" to an "official custom of systematic[] [mistreatment of] mental[ly] ill close management inmate[s]." *See* Doc. 13 at 2. Plaintiff asserts that, without a transfer, he fears he will be killed or seriously hurt, and his mental health will continue to deteriorate. *Id.* at 3. He asks for the appointment of counsel because he has been retaliated against, his property has been destroyed, and he struggles to comprehend legal materials. *See* Doc. 12.[2]

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction,[3] "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs

---

[2] In light of Plaintiff's assertions, in an abundance of caution, the Clerk of Court sent a copy of Plaintiff's motions (Docs. 11, 12, 13 ) and the Court's Amended Standing Order (Doc. 14) that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm to the Inspector General and to the Warden of Plaintiff's institution.

[3] The primary distinction between a temporary restraining order and a preliminary injunction is that the former is issued *ex parte*, while the latter requires "notice to the adverse party." Fed. R. Civ. P. 65(a), (b). *See also* M.D. Fla. R. 6.01, 6.02 (describing the requirements for the issuance of temporary restraining orders and preliminary injunctions).

the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Siegel*, 234 F.3d at 1176. Moreover, the request for injunctive relief must be related to the claims raised in the operative complaint. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

A plaintiff in a civil case does not have a constitutional right to counsel, even when indigent. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). *See also* 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel." (emphasis added)). Courts have broad discretion in deciding whether to appoint counsel and should exercise that discretion only in "exceptional circumstances." *Bass*, 170 F.3d at 1320.

First, Plaintiff fails to carry his burden showing he is entitled to injunctive relief, including transfer to a different prison. His motions seeking such relief do not comply with relevant procedural and Court rules. *See, e.g.*,

Fed. R. Civ. P. 65; M.D. Fla. R. 3.01(a), 6.01, 6.02 (detailing the requirements for a motion, including one seeking a temporary restraining order or preliminary injunction). Substantively, Plaintiff's request for injunctive relief fails because his request is unrelated to the claims raised in the operative complaint and he has not otherwise alleged facts showing a likelihood of success on the merits of his claims. In fact, there is no operative complaint given Plaintiff still has not properly set forth his claims. Moreover, district courts generally will not interfere in matters of prison administration, including an inmate's location of confinement. *See Barfield v. Brierton*, 883 F.2d 923, 936 (11th Cir. 1989) ("[I]nmates usually possess no constitutional right to be housed at one prison over another."). If Plaintiff wants to pursue a civil rights action against individuals at FSP, he may initiate a new civil rights action by filing a new complaint after properly exhausting his administrative remedies.

Next, Plaintiff is not entitled to the appointment of counsel. Although Plaintiff has struggled to submit a proper complaint in this case, the primary claims on which he is seeking to proceed (excessive force and deliberate indifference to serious medical needs) are not complex, and Plaintiff has demonstrated an ability to litigate on his own behalf in this Court. As such, the Court will deny his request without prejudice, subject to his right to renew

7

the request if the circumstances change (e.g., if the case proceeds to a settlement conference or trial).

Accordingly, it is

**ORDERED:**

1.    Plaintiff's amended complaint (Doc. 10) is **STRICKEN**.

2.    Plaintiff must submit an amended complaint by **January 16, 2024**. Plaintiff may proceed against only those who allegedly used excessive force against him on December 22, 2022, or denied him medical care for the resulting injuries. The amended complaint should comply with the instructions on the Civil Rights Complaint Form (attached), those provided in the Court's prior Order (Doc. 7), and those provided in this Order. **Plaintiff's failure to comply with this Order may result in the dismissal of this case.** If Plaintiff wants to pursue claims against other individuals at UCI for conduct unrelated to the December 22, 2022 use-of-force incident, he must do so in a separate action.

3.    Plaintiff's motion for injunctive relief (Doc. 11) is **DENIED**.

4.    Plaintiff's motion for appointment of counsel (Doc. 12) is **DENIED without prejudice**.

5.    Plaintiff's motion for transfer (Doc. 13) is **DENIED**.

6.      The **Clerk** shall send Plaintiff a Civil Rights Complaint Form (Prisoner Complaint).

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of December 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
James T. Murzike

9